**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7905**

DONALD WAYNE WATERS,

　　　　　　　Petitioner – Appellant,

　　　v.

HAROLD W. CLARKE, Director of the Virginia Department of Corrections,

　　　　　　　Respondent – Appellee.

---------------------------------

THE MID-ATLANTIC INNOCENCE PROJECT,

　　　　　　　Amicus Supporting Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:11-cv-00630-MSD-DEM)

Argued:  January 29, 2014　　　　　Decided:  March 11, 2014

Before NIEMEYER, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.   Matthew P. Dullaghan, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.   **ON BRIEF**: Anna Petrychka, Second Year Law Student, GEORGE WASHINGTON UNIVERSITY LAW SCHOOL, Baltimore,

Maryland, for Appellant.   Kenneth T. Cuccinelli, II, Attorney General, Aaron J. Campbell, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.   Amanda F. Davidoff, Lee Ann Anderson McCall, Elizabeth A. Cassady, Jared P. Roscoe, Leah S.P. Rabin, SULLIVAN & CROMWELL LLP, Washington, D.C., for Amicus Curiae.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Wayne Waters appeals the denial of his 28 U.S.C. § 2254 petition for habeas corpus relief. We affirm.

I

Waters was indicted on charges of animate object penetration and aggravated sexual battery under Va. Code §§ 18.2-67.2 and -67.3. The charges arise from an alleged incident that occurred while Waters was working in the four-year-old victim's home on a satellite television service call. The jury convicted Waters of aggravated sexual battery but acquitted him of animate object penetration, and the trial court sentenced him to a 20-year term of imprisonment. After unsuccessfully pursuing state appellate and habeas relief, Waters filed a petition under 28 U.S.C. § 2254 asserting 13 claims. The district court denied relief on these claims and dismissed the petition. On appeal, a circuit judge granted a certificate of appealability on four claims, see 28 U.S.C. § 2253(c), each of which involves allegations of prosecutorial misconduct.

Three of these claims (Claims VII-IX) are based on Brady v. Maryland, 373 U.S. 83, 87 (1963), in which the Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the

3

good faith or bad faith of the prosecution." Evidence is "favorable" within the meaning of Brady if it is exculpatory or impeaching, Skinner v. Switzer, 131 S.Ct. 1289, 1300 (2011), and it is "material" if "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different," Cone v. Bell, 556 U.S. 449, 470 (2009).

Waters alleged in Claim VII that the prosecutor failed to disclose a Dish Network "call log" that suggests the victim may have accidentally ordered a pay-per-view pornographic movie several months before he visited the victim's house. The Supreme Court of Virginia rejected this claim, holding that Waters failed to establish the prosecutor withheld evidence.

In Claim VIII, Waters alleged that the prosecutor failed to disclose that law enforcement officers were part of a "sting" operation with his employer to lure him into Virginia in order to arrest him. The Supreme Court of Virginia rejected this claim, holding that Waters failed to establish the prosecutor withheld evidence or that the evidence is material.

Waters alleged in Claim IX that the prosecutor failed to disclose a pretrial email sent by the victim's mother to the prosecutor confirming that an African-American television technician had been at the victim's house prior to the date Waters (who is white) was there. The Supreme Court of Virginia

4

rejected this claim, finding that the material is not exculpatory.

Waters' fourth claim (Claim XII) is based on the prosecutor's closing argument. See generally United States v. Runyon, 707 F.3d 475, 510 (4th Cir. 2013) (noting that prosecutorial comments violate due process if they so infect the trial with unfairness as to make the resulting verdict a denial of due process). Specifically, Waters alleged that because he did not testify or present any character witnesses, the prosecutor improperly attacked his character by calling him a "liar." The Supreme Court of Virginia rejected this claim, holding that it was barred because Waters did not raise it at trial or on direct appeal.

II

The district court conducted a thorough review of the record, the parties' legal arguments, and the standards governing § 2254. See Waters v. Clarke, 2012 WL 4498914 (E.D. Va. 2012) (district court order); see also Waters v. Clarke, 2012 WL 4498916 (E.D. Va. 2012) (magistrate judge report and recommendation). Among other things, the court considered the parties' arguments regarding the scope of the record that was properly before the Supreme Court of Virginia. Although the court determined that the state court record was limited (as the Commonwealth argued) to the four exhibits attached to Waters'

5

state habeas petition, it nonetheless analyzed Waters' claims by first considering only those four exhibits and then, alternatively, considering all of the exhibits. The court concluded, under both views, that Waters is not entitled to habeas relief.

On appeal, Waters presents the same arguments he made below. Having carefully reviewed this matter de novo, see MacDonald v. Moose, 710 F.3d 154, 159 (4th Cir. 2013), we are satisfied that the district court correctly resolved the four claims now before us. Accordingly, we affirm substantially on the district court's reasoning.

AFFIRMED